Slip Op. 13-16

# UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **WUXI SEAMLESS OIL PIPE CO., LTD.,**<br><br>                    Plaintiff,<br><br>        v.<br><br>**UNITED STATES**,<br><br>                    Defendant. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 12-00410**

## OPINION

[Dismissing action for lack of subject matter jurisdiction]

Date: February 1, 2013

*Rosa S. Jeong* and *Philippe M. Bruno*, Greenberg Traurig, LLP, of Washington, DC, for plaintiff Wuxi Seamless Oil Pipe Co., Ltd.

*L. Misha Preheim*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Stuart F. Delery*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Sapna Sharma*, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Jeffrey David Gerrish, Nathaniel B. Bolin*, *Robert E. Lighthizer,* and *Stephen John Narkin*, Skadden, Arps, Slate, Meagher & Flom LLP, of Washington, DC, for proposed defendant-intervenor United States Steel Corporation.

Stanceu, Judge: Plaintiff Wuxi Seamless Oil Pipe Co., Ltd. ("WSP") contests a decision

of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the

"Department") not to rescind, as to WSP, an ongoing periodic administrative review of a

countervailing duty order on certain oil country tubular goods ("subject merchandise") from the

People's Republic of China ("China" or "PRC"). Compl. ¶ 1 (Dec. 14, 2012), ECF No. 4;

*Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part*, 77 Fed. Reg. 11,490 (Feb. 27, 2012) ("*Initiation Notice*").  WSP, a Chinese producer of subject merchandise, is currently a respondent in the review.  *Id*. ¶ 6.  Three motions are before the court.  Plaintiff seeks injunctive relief to preclude Commerce from continuing the review with respect to WSP and also moves to advance and consolidate trial on the merits.  Mot. for Prelim. Inj. and to Advance and Consolidate Trial on Merits (Dec. 14, 2012), ECF No. 5 ("Pl.'s Mot."); Mem. of Points & Authorities in Supp. of Mot. for Prelim. Inj. and to Advance and Consolidate Trial on Merits (Dec. 14, 2012), ECF No. 6 ("Pl.'s Mem.").  Defendant moves to dismiss this action under USCIT Rule 12(b)(1) or, in the alternative, under Rule 12(b)(5).  Def.'s Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj. and Mot. to Advance and Consolidate Trial on the Merits (Jan. 16, 2013), ECF No. 19. ("Def.'s Mot.").  United States Steel Corporation ("U.S. Steel"), a domestic producer of oil country tubular goods, moves to intervene.  Mot. to Intervene (Jan. 8, 2013), ECF No. 12.  Concluding that it lacks subject matter jurisdiction, the court will dismiss this action pursuant to USCIT Rule 12(b)(1).

## I. BACKGROUND

Pursuant to Section 702(c)(2) of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1671a(c)(2),[1] Commerce initiated a countervailing duty investigation on certain oil country tubular goods from China on May 5, 2009.  *Certain Oil Country Tubular Goods from the People's Republic of China: Initiation of Countervailing Duty Investigation*, 74 Fed. Reg. 20,678 (May 5, 2009).  On December 7, 2009, the Department published an affirmative final determination.  *Certain Oil Country Tubular Goods from the People's Republic of China: Final*

---

[1] All statutory citations herein are to the 2006 edition of the United States Code.  All citations to regulations are to the 2011 edition of the Code of Federal Regulations.

*Affirmative Countervailing Duty Determination, Final Negative Critical Circumstances Determination*, 74 Fed. Reg. 64,045 (Dec. 7, 2009).  The U.S. International Trade Commission notified Commerce of an affirmative final threat determination on January 13, 2010.  *See Certain Oil Country Tubular Goods From China*, 75 Fed. Reg. 3248, 3249 (Jan. 20, 2010).  On January 20, 2010, Commerce published an amendment to its affirmative final determination and a countervailing duty order (the "Order"), correcting certain ministerial errors and assigning a revised net subsidy rate of 14.95% to WSP and a rate of 13.41% to all others.  *Certain Oil Country Tubular Goods From the People's Republic of China: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 75 Fed. Reg. 3203, 3205.

On January 3, 2012, Commerce published a notice of opportunity to request an administrative review of the Order ("Notice of Opportunity to Request Review").  *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 77 Fed. Reg. 83 ("*Notice of Opportunity to Request Review*").  On February 27, 2012, based on requests for review submitted by WSP and another exporter of subject merchandise, Jiangsu Chengde Steel Tube Share Co., Ltd., Commerce initiated an administrative review of the Order for the period of January 1, 2011 through December 31, 2011 ("period of review" or "POR").[2]  *Initiation Notice*, 77 Fed. Reg. at 11,491.  The initiation notice announced that Commerce intended to issue the preliminary results of the review on January 31, 2013.  *Id*. at 11,491; Compl. ¶ 45.  On March 7, 2012, the Department issued initial

---

[2] The previous review—which would have been the first review of the subject order— had been rescinded.  *See Certain Oil Country Tubular Goods From the People's Republic of China: Rescission of Countervailing Duty Administrative Review*, 76 Fed. Reg. 39,071 (Jul. 5, 2011).  Accordingly, the net subsidy rates determined during the investigation were in force when plaintiff brought this action.

questionnaires to WSP and the Government of the People's Republic of China; WSP submitted a

questionnaire response on May 7, 2012.  Compl. ¶ 10.

Seeking rescission, WSP submitted a withdrawal of its review request on July 17, 2012,

141 days after initiation and 51 days after the close of the time period provided in a

Departmental regulation, 19 C.F.R. § 351.213(d)(1), for withdrawal of a review request, which is

90 days following publication of the notice initiating the review.  WSP requested an extension of

the 90-day time period as provided in § 351.213(d)(1).  Compl. ¶¶ 7, 11, 36 (citation omitted).

No party opposed or otherwise commented on WSP's request.  *Id*. ¶ 12.

On October 9, 2012, Commerce rejected WSP's request for a time extension and,

accordingly, did not rescind the administrative review as to WSP.  *Id*. ¶¶ 13, 40.  The

Department's Notice of Opportunity to Request Review had notified the public that "the

Department does not intend to extend the 90-day deadline unless the requester demonstrates that

an extraordinary circumstance has prevented it from submitting a timely withdrawal request.

Determinations by the Department to extend the 90-day deadline will be made on a case-by-case

basis."[3]  *Id*. ¶ 32 (citing *Notice of Opportunity to Request Review*, 77 Fed. Reg. at 84).

Commerce repeated this notification in the *Notice of Initiation*.  *Id*. ¶ 31 (citing *Initiation Notice*,

77 Fed. Reg. at 11,490).  In its submission withdrawing its request for review, WSP had objected

that "by changing the regulatory standard for granting extension from 'reasonableness' to

'extraordinary circumstances,' the Department in fact repealed and amended 19 C.F.R.

---

[3] In the preamble to the promulgation of regulatory amendments, including the current 19 C.F.R. § 351.213(d)(1), the Department stated that while the "90-day limitation may be too rigid . . . the Department must have the final say concerning rescissions of reviews requested after 90 days in order to prevent abuse of the procedures for requesting and withdrawing a review."  *Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296, 27,317 (May 19, 1997).

§ 351.213(d)(1) without the notice-and-comment process required by the [Administrative

Procedure Act], 5 U.S.C. § 553." Compl. ¶ 38.  Notwithstanding, plaintiff explained that "there

were, in fact, extraordinary circumstances that prevented WSP from filing its withdrawal within

the 90-day deadline." *Id*. ¶ 39.  Rejecting WSP's position, Commerce stated in its October 9,

2012 decision that "[t]he regulation has not been modified or changed" and that, instead, the new

interpretation of the withdrawal regulation "represents a change in the agency's practice . . . ."

*id*. ¶¶ 38, 40.  The Department also dismissed WSP's assertion of "extraordinary circumstances,"

*id*. ¶ 39, concluding that the circumstances WSP cited "are situations faced by many companies,"

*id*. ¶ 41.

WSP submitted a letter on October 22, 2012 alleging additional facts and requesting that

Commerce reconsider the October 9, 2012 decision and rescind the review.  *Id*. ¶¶ 14, 42

(citation omitted).  On November 13, 2012, the Department notified WSP that it was denying the

reconsideration request.  *Id*. ¶¶ 14, 43.  Commerce reiterated that it did not find WSP's

circumstances to be "extraordinary," adding that these circumstances "are not germane to the

subject of the Department's retrospective administrative review of Wuxi's sales for the 2011

period of review . . . ." *Id*. ¶ 43.

In the review, the Department issued three supplemental questionnaires to WSP during

the period of November 9 through December 6, 2012.  *Id*. ¶ 15.  WSP submitted full responses to

these questionnaires.  Pl.'s Mem. 12 n.4.

On December 14, 2012, WSP filed its summons and complaint to initiate this action.

Summons, ECF No. 1; Compl.  On the same day, WSP filed its motion for a preliminary

injunction and to advance and consolidate trial on the merits.  Pl.'s Mot.  On January 8, 2012,

U.S. Steel moved to intervene in this action as of right.  Mot. to Intervene.  On January 16, 2012,

defendant moved to dismiss.  Def.'s Mot.  Defendant's motion informed the court that the preliminary results of the review would issue on February 1, 2013.  *Id.* at 6.

On January 17, 2013, the court held a telephonic conference with the parties to the action and proposed defendant-intervenor.  During the conference, plaintiff stated that after it brought this action, WSP had received and submitted full responses to three additional supplemental questionnaires from Commerce.  At the conference, plaintiff expressly waived the opportunity to request oral argument and an evidentiary hearing on the issue of subject matter jurisdiction, informing the court that it chose to rest upon its response to the motion to dismiss and the existing case record.  Order (Jan. 17, 2013), ECF No. 20.  On January 25, 2013, plaintiff responded to defendant's motion, Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 21 ("Pl.'s Opp'n"), and on January 28, 2013, plaintiff responded to U.S. Steel's motion to intervene, Pl.'s Opp'n to Mot. to Intervene, ECF No. 25.

## II. DISCUSSION

The court has an independent responsibility to ascertain whether subject matter jurisdiction exists over an action.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A plaintiff has the burden of establishing jurisdictional facts by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  The plaintiff must be given an opportunity to do so before dismissal is entered.  *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted).  The "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citation omitted).  The court also may consider matters outside the pleadings to find jurisdictional facts.  *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *see also*

*Cedars-Sinai Med. Center v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993).  When a court

concludes that it lacks jurisdiction, its "only function remaining [is] that of announcing the fact

and dismissing the cause."  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95

(1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

     Plaintiff invokes the court's "residual" jurisdiction provided by section 201 of the

Customs Courts Act of 1980 ("Customs Courts Act"), 28 U.S.C. § 1581(i).  Compl. ¶¶ 2-5.

Paragraph (2) of §1581(i) provides the Court of International Trade jurisdiction of "any civil

action commenced against the United States . . . that arises out of any law of the United States

providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for

reasons other than the raising of revenue."  28 U.S.C. § 1581(i)(2).  Paragraph (4) of subsection

(i) provides for jurisdiction of "any civil action commenced against the United States . . . that

arises out of any law of the United States providing for . . . administration and enforcement with

respect to the matters referred to in paragraphs (1)—(3) of this subsection . . . ."  28 U.S.C.

§ 1581(i)(4).

     This action would appear to fall within the literal terms of the jurisdictional grant of

§ 1581(i)(4), and plaintiff's complaint asserts jurisdiction thereunder.  Compl. ¶¶ 2-4.  But

because claims brought under 28 U.S.C. § 1581(i)(4) require a waiver of sovereign immunity,

the court must strictly construe the jurisdictional statute.  *United States v. Sherwood*, 312 U.S.

584, 586 (1941).  The limits of the waiver of sovereign immunity define a court's jurisdiction to

entertain suit.  *Hercules, Inc. v. United States*, 516 U.S. 417, 422-23 (1996).

     The court may exercise § 1581(i) jurisdiction over this case only if two conditions are

satisfied.  First, the contested agency action must be a *final* agency action.  *See Corus Group*

*PLC v. International Trade Com'n.*, 352 F.3d 1351, 1358-59 (Fed. Cir. 2011); *Michael Simon*

*Design, Inc. v. United States*, 609 F.3d 1335, 1338 (Fed. Cir. 2010); *U.S. Ass'n of Importers of*

*Textiles & Apparel v. U.S. Dep't of Commerce*, 413 F.3d 1344, 1348-50 (Fed. Cir. 2005).

Second, "[w]here another remedy is or could have been available, the party asserting § 1581(i)

jurisdiction has the burden to show how that remedy would be manifestly inadequate." *Miller &*

*Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041 (1988)

(citations omitted).

    In support of its jurisdictional argument, plaintiff alleges that "[t]he relief sought by WSP

is not available under 28 U.S.C. § 1581(a)—(h)." Compl. ¶ 4.  The stated relief WSP seeks is a

court order declaring the ongoing review of WSP unlawful and enjoining the Department from

continuing that review.[4]  *Id*. ¶¶ 3-4, Prayer for Relief and Judgment.  Characterizing its case as a

challenge to the Department's decision "to continue an administrative review of WSP," plaintiff

describes the remedy available under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) as "manifestly

inadequate . . . [,] for the review that WSP seeks to prevent will have already occurred and WSP

will be deprived of meaningful relief." *Id*. ¶¶ 3-4.  Accordingly, plaintiff contends that its "only

recourse is under 28 U.S.C. § 1581(i)." *Id*. ¶ 4.

    Regardless of how a plaintiff characterizes its cause of action, the court must look to the

true nature of the action when considering subject matter jurisdiction. *Norsk Hydro Can., Inc. v.*

*United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (quotation and citation omitted).  Plaintiff's

complaint is expressed in four separate counts.  Compl. ¶¶ 48-60.  For the reasons discussed

---

    [4] If the review were terminated with respect to WSP, the review apparently would
continue because another exporter of subject merchandise, Jiangsu Chengde Steel Tube
Share Co., Ltd., had requested a review and, to the court's knowledge, has not withdrawn
that request. *Initiation of Antidumping and Countervailing Duty Administrative Reviews and
Request for Revocation in Part*, 77 Fed. Reg. 11,490, 11,491 (Feb. 27, 2012).

below, the court construes plaintiff's complaint to present a single claim: that the Department

unlawfully denied WSP's request for an extension of the 90-day deadline.[5]

     In determining the true nature of plaintiff's claim, the court views the Department's

administrative actions in the context of the regulatory provision under which these actions were

taken.  Subsection (d) of § 351.213 of the Department's regulations provides generally that the

Secretary will rescind an administrative review if the party requesting the review withdraws its

request "within 90 days of the date of publication of the notice of initiation of the requested

review," but the regulatory provision Commerce applied is expressed in the last sentence in the

subsection: "The Secretary may extend this time limit if the Secretary decides that it is

reasonable to do so."  19 C.F.R. § 351.213(d).  As plaintiff spells out at some length in its

complaint, the Department's decision of October 9, 2012 was a decision to deny WSP's request

to extend the 90-day deadline.  Compl. ¶¶ 36-41.  After WSP requested that Commerce

reconsider the October 9, 2012 decision, Commerce, on November 13, 2012, issued another

decision, this time denying WSP's request for reconsideration of the earlier decision.  *Id.*

¶¶ 42-43.  Although, as plaintiff pleads, Commerce took the *action* of continuing the review as to

WSP, the continuation of the review was merely the inevitable consequence of the October 9 and

November 13 decisions.  According to the facts as pled in the complaint, when read in the

---

     [5] Each of the four counts presents grounds in support of the single claim.  Plaintiff's first
count alleges that the review of WSP is being continued according to an "amendment" to
19 C.F.R. § 351.213(d)(1) effectuated in violation of the notice-and-comment rulemaking
requirements of the APA.  Compl. ¶¶ 48-52 (Dec. 14, 2012), ECF No. 4.  As a second count,
plaintiff alleges that the decision to not rescind WSP's review violates the preexisting
"reasonableness" standard of 19 C.F.R. §351.213(d)(1).  *Id.* ¶¶ 50, 53-56.  Plaintiff's third
and fourth counts allege that the "extraordinary circumstances" standard is "arbitrary and
capricious" because it is "not based on reasoned analysis," *id.* ¶¶ 57-58, and because "the
Department has never provided any guidelines as to what types of facts would constitute
'extraordinary circumstances,'" *id.* ¶¶ 59-60.

context of 19 C.F.R. § 351.213(d), there was no *separate* decision by Commerce to continue the

administrative review as to WSP.  For this reason, the court determines the true nature of

plaintiff's claim, when construed according to the governing regulatory provision, to be a

challenge to an agency decision not to extend a regulatory deadline and not, as characterized by

plaintiff, a challenge to the Department's continuation of the review.

It is at least arguable that the Department's decision denying WSP an extension of the

90-day deadline was a final agency action.  If not final when Commerce first notified WSP of its

decision on October 9, 2012, the decision arguably became final on November 13, 2012, when

Commerce denied WSP's request for reconsideration of the October 9, 2012 decision.  Language

Commerce used in its November 13, 2012 communication suggests that Commerce intended the

decision denying the extension to be a final one.  Compl. ¶ 43 (quoting Letter from Susan H.

Kuhbach, Director, AD/CVD Operations, Office to WSP 1 (Nov.13, 2012) ("We find that it

would not be practicable for the Department to reconsider its decisions to conduct reviews of

companies, and reallocate it[s] scarce resources across cases, based upon such circumstances.")).

It also can be argued, as defendant does in moving to dismiss, that the responses Commerce

issued to WSP on October 9 and November 13, 2012 were not absolutely final as Commerce had

yet to issue final results of the administrative review.  Def.'s Mot. 17-18.  Under this argument,

there was still the possibility, however remote, that Commerce would exercise its inherent

discretion to rescind the review as to WSP at any time prior to completing the review.

In the circumstance this case presents, the court finds it unnecessary to decide the

question of finality in order to reach a decision on the larger question of subject matter

jurisdiction.  The court concludes that WSP has not satisfied the second condition for obtaining

jurisdiction under 28 U.S.C. § 1581(i) by demonstrating that another available remedy is

inadequate.  Specifically, plaintiff has not shown the inadequacy of the remedy available in an

action brought under Section 516A of the Tariff Act, 19 U.S.C. § 1516a.  Plaintiff could bring

such an action upon publication of the final results of the administrative review.  Exclusive

jurisdiction would lie in the Court of International Trade according to 28 U.S.C. § 1581(c).  If, as

plaintiff contends, the Department's decision denying WSP the benefit of an extension of the

90-day deadline was unlawful, the remedy available under Section 516A is a judicial decision

setting aside the results of the review as applied to WSP and ordering an appropriate remand.[6]

As did the plaintiff in *Miller & Co.*, WSP seeks to challenge the Department's alleged failure to

comply with procedural rules in a specific administrative review.  *See Miller & Co.*, 824 F.2d

at 964 ("the procedural correctness of a countervailing duty determination, as well as the merits,

are subject to judicial review").

       Pointing out that the section 516A remedy would not include an injunction to halt the

review, plaintiff argues that the remedy available under Section 516A is manifestly inadequate

because WSP must "expend great expense and resources" to "participate fully in th[e] review

given that the consequence of non-participation is inevitably a highly punitive adverse facts

available subsidy rate."  Compl. ¶ 46.  As plaintiff asserts in its response to defendant's motion

to dismiss, "[s]ince refusal to rescind this review, the Department has propounded, almost on a

weekly basis, additional supplemental questionnaires to [WSP] with mere days to respond."

Pl.'s Opp'n 1.  Plaintiff also submits that "after the preliminary results . . . the Department is

---

[6] Section 516A(a)(2)(A) of the Tariff Act of 1930 authorizes an interested party to bring an action within thirty days after Commerce publishes in the Federal Register the final determination in an administrative review issued under 19 U.S.C. § 1675, in which action the interested party may contest "any factual findings or legal conclusions upon which the determination is based."  19 U.S.C. § 1516a(a)(2)(A) (2006).

likely to issue additional supplemental questionnaires and may conduct a verification." *Id.*

at 1-2.  The court rejects this argument.

The court considers the adequacy of the section 516A remedy according to factual

circumstances existing as of the date plaintiff commenced this action, December 14, 2012.  *See*

*Miller & Co.*, 824 F.2d at 963-64.  By that date, plaintiff already had submitted to Commerce full

responses to four questionnaires (one initial questionnaire and three supplemental

questionnaires).[7]  Compl. ¶ 10; Pl.'s Mem. 12 n.4.  From that point forward, if WSP desired to

perform the absolute minimum needed to preserve its claim for judicial review in a Section 516A

proceeding, it could limit its further participation to the filing of a case brief objecting to the

Department's refusal to extend the 90-day time limit.  *See* 19 C.F.R. 351.309(c)(2) ("The case

brief must present all arguments that continue in the submitter's view to be relevant to the

Secretary's final determination or final results, including any arguments presented before the

date of publication of the preliminary determination or preliminary results.").  Plaintiff,

understandably, indicates that it would not choose this minimal course because of the prospect of

receiving a rate determined according to "facts otherwise available" and an "adverse inference,"

*see* 19 U.S.C. § 1677e(a), (b); WSP would risk suffering the consequences of such a rate should

it not prevail in court on its claim that Commerce unlawfully denied it the extension of the

90-day deadline.  But WSP's continuing its participation in the review from the point at which it

brought this action, compared to the burden it had incurred up to that point, will be incremental.

Although issuance of further questionnaires was a possibility as of the date this action was

---

[7] Although plaintiff's statement regarding WSP's full completion of the supplemental
questionnaires is not found in its complaint, it was filed on the same day, and accordingly the
court considers it contemporaneous with the complaint for purposes of ascertaining
jurisdictional facts in existence at the time plaintiff brought this action.

commenced, WSP already had completed four questionnaires by that time.[8]  Supplemental

questionnaires typically require clarifying responses on matters already explored in the initial

questionnaires.  The preliminary results are scheduled to issue on February 1, 2013, and the final

phase of the review is, therefore, about to begin.  Def.'s Mot. 6.  Taken together, these

jurisdictional facts show that WSP, upon commencing this action, already had performed

approximately half, or more, of the procedural steps needed to complete its participation in the

review and had already weathered the expense of completing four questionnaires.  Seen from the

perspective of WSP's situation on December 14, 2012, the incremental burden that WSP would

incur from participating fully in the review is not a convincing reason why the court should find

the Section 516A remedy inadequate.

   To further support its assertion of jurisdiction, plaintiff cites several cases in which the

Court of International Trade "invoked section 1581(i) jurisdiction to consider requests to enjoin

the Department from continuing an unlawful proceeding."  Pl.'s Mem. 12-13, 15 (citing

*Asociacion Colombiana de Exportadores de Flores v. United States*, 13 CIT 584,

717 F. Supp. 847 (1989), *aff'd on other grounds*, 903 F.2d 1555 (Fed. Cir. 1990);

*Technsnabexport, Ltd. v. United States*, 16 CIT 420, 795 F. Supp. 428 (1992); *Jia Farn Mfg. v.*

*United States*, 17 CIT 187, 817 F. Supp. 969 (1993); *Kemira Fibers Oy v. United States*,

18 CIT 687, 858 F. Supp. 229 (1994), *rev'd on other grounds*, 61 F.3d 866 (Fed. Cir. 1995);

---

[8] The court was informed at the January 17, 2013 telephonic conference with the parties
that WSP, since bringing its action, had received, and submitted full responses to, three
additional supplemental questionnaires from Commerce.  The court does not consider this
fact in support of any argument against the exercise of jurisdiction because the questionnaires
and responses occurred after this action was commenced.  The fact merely confirms a
procedural circumstance favorable to plaintiff's position: that at the time the action was
brought, the issuance of additional supplemental questionnaires was a possibility.

*Dofasco Inc. v. United States*, 28 CIT 263, 326 F. Supp. 2d 1340 (2004)).  Plaintiff distinguishes

these decisions from others in which the court did not find jurisdiction under section 1581(i),

which according to plaintiff involved claims "related to methodology or procedure . . . [or] the

timing of a review."  *Id*. at 14 (citing *NSK Ltd. v. United States*, 28 CIT 1600, 350 F. Supp. 2d

1128 (2004); *Abitibi-Consolidated Inc. v. United States*, 30 CIT 714, 437 F. Supp. 2d 1352

(2006); *Tianjin Magnesium International Co. v. United States*, 32 CIT 1, 533 F. Supp. 2d 1327

(2008)).  In this action, plaintiff submits, "the decision challenged . . .[is] a fundamental,

dispositive decision . . . [as] WSP seeks to terminate the proceeding entirely."  *Id*.

        Each of the cases plaintiff cites is distinguishable from the case at bar.  In none of the

cases where jurisdiction was held to exist under 28 U.S.C. § 1581(i) had the trade remedy

proceeding progressed as far as this one by the time the action was commenced.  *See Asociacion

Colombiana*, 13 CIT at 584, 717 F. Supp. at 848 (administrative review recently initiated);

*Technsnabexport, Ltd.*, 16 CIT at 422, 795 F. Supp. at 432 (plaintiffs had not responded to

questionnaires when action commenced); *Jia Farn Mfg.*, 17 CIT at 188, 817 F. Supp. at 970

(action commenced shortly after initiation of administrative review); *Kemira Fibers Oy,* 18 CIT

at 689, 858 F. Supp. at 231 (plaintiff submitted questionnaire response but withdrew response on

same day plaintiff moved to enjoin administrative review); *Dofasco Inc.*, 28 CIT at 263,

326 F. Supp. 2d at 1341 (plaintiff had not responded to questionnaires when action commenced).

And the court does not find meaningful plaintiff's distinction between a "fundamental,

dispositive decision" and a "methodological," "procedural," or temporal one.  Here, WSP seeks

to bring an interlocutory challenge to an agency decision that will be subsumed within the final

results of an administrative review.

Citing several decisions of this Court, plaintiff also argues that "[i]n some cases, the Court [has] found the legal merits of [plaintiff's] challenge relevant in considering [the] jurisdictional question."  Pl.'s Mem. 16 (citing *Hylsa S.A. de C.V. v. United States*, 21 CIT 222, 960 F. Supp. 320 (1997), *aff'd* 135 F.3d 778, 1998 WL 56389 (Fed. Cir. 1998); *Government of the People's Republic of China v. United States*, 31 CIT 451, 460, 483 F. Supp. 2d 1274, 1282 (2007)).  These cases are inapposite.  To resolve the jurisdictional question this case presents, the court need not, and in the circumstance presented should not, consider the merits of plaintiff's claim.

In its response to defendant's motion to dismiss, WSP argues that the only remedy available upon the completion of the administrative review will be a "retroactive vacatur" which, according to WSP, is not an adequate remedy.  Pl.'s Opp'n 3.  Plaintiff argues, dramatically, that "a retroactive vacatur of the decision is not the same remedy as an immediate termination of the proceeding, just as a vacatur of a prison sentence already served is not the same remedy as an early prison release."  *Id.*  This is a false analogy.  For the reasons the court has discussed, completing the administrative review is not so burdensome as to render inadequate the remedy that WSP may pursue by contesting the final results of the review.

Finally, plaintiff argues that because "WSP seeks to terminate the administrative review . . . [its] claim becomes entirely moot once the review is completed because there will be no review to terminate."  *Id.* at 4.  As a consequence, plaintiff believes "there is a real risk that WSP's appeal under section 1581(c) would be dismissed unless the Court decides to apply one of the two recognized exceptions to the mootness doctrine . . . ."  *Id.*  The Supreme Court has instructed that "a case is moot when the issue[] presented [is] no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 497 (1969)

(citation omitted).  The question of whether WSP lawfully may be subjected to the outcome of

the ongoing administrative review is not a moot question: it is a live issue that, based on the

allegations in the complaint, was of interest to WSP at the time this action was brought.  Nothing

that has happened since causes the court to conclude that the dispute between the parties no

longer exists or that WSP no longer has an interest in it.  Although WSP may not seek a remedy

to resolve that dispute just yet, *see U.S. Ass'n of Importers of Textiles & Apparel*, 413 F.3d at

1348-50, it soon will have the opportunity to do so.  In this circumstance, the case or controversy

existing between the parties cannot be said to be moot.

### III.  CONCLUSION

Because plaintiff has not demonstrated factually that the remedy available under

19 U.S.C. § 1516a will be inadequate, this Court lacks jurisdiction under 28 U.S.C. § 1581(i)(4).

The court therefore grants defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1).

Plaintiff's motion for preliminary injunction and to advance and consolidate trial on the merits

and proposed defendant-intervenor's motion to intervene are denied as moot.  The court will

enter judgment dismissing this action.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: February 1, 2013
       New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| **WUXI SEAMLESS OIL PIPE CO., LTD.,**<br><br>                    Plaintiff,<br><br>    v.<br><br>**UNITED STATES**,<br><br>                    Defendant. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 12-00410**

<u>**JUDGMENT**</u>

        Upon the court's review of plaintiff's complaint, the motion to dismiss by defendant

United States, and all relevant papers and proceedings had herein, in accordance with the court's

Opinion in this action, and upon due deliberation, it is hereby

        **ORDERED** that defendant's motion to dismiss be, and hereby is, granted; it is further

        **ORDERED** that plaintiff's motion for preliminary injunction and to advance and
consolidate trial on the merits and proposed defendant-intervenor's motion to intervene are
denied as moot; and it is further

        **ORDERED** that this action be, and hereby is, dismissed according to USCIT
Rule 12(b)(1).


                                        /s/ Timothy C. Stanceu
                                        Timothy C. Stanceu
                                        Judge

Dated: February 1, 2013
        New York, New York